**UNITED STATES OF AMERICA**
**DISTRICT OF MASSACHUSETTS**

**NATALIE STRICKLER, JENNIFER KOESTER, and JORDAN MAUS Individually and on behalf of all others similarly-situated,**
**Plaintiffs,**

**v.**

**SHOPKICK, INC.;**
**TRAX RETAIL, INC.;**
**BET INFORMATION SYSTEMS, INC. dba SURVEY.COM;**
**and WORLDAPP, INC.,**
**Defendants.**

**CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY**

## I. INTRODUCTION

The Plaintiffs bring this action on behalf of themselves and all other similarly-situated former employees of Shopkick, Inc. who were terminated without warning in violation of the Federal WARN Act and Massachusetts state law. The Defendants Shopkick, BET Information Systems, and Trax Retail are a single employer for WARN Act purposes with common ownership, management, and human resources operations. Shopkick was an operating unit of this enterprise. Rather than abide by their pre-layoff obligations to provide notice to the affected employees, these Defendants terminated most of Shopkick's workforce with no warning and moved the rest over to BET Information Systems. The Plaintiffs seek class certification and damages for all similarly-situated individuals.

## II. PARTIES

1. Plaintiff, Natalie Strickler, is an individual residing in Kirkwood, Missouri.
2. Plaintiff, Jennifer Koester, is an individual residing in Lakeville, Minnesota.
3. Plaintiff, Jordan Maus, is an individual residing in Derien, Illinois.
4. Defendant, Shopkick, Inc., is a business entity registered under the laws of Delaware with a principal office address at One Beacon Street, 15th Floor, Boston, Massachusetts 02108.
5. Defendant, Trax Retail, Inc., is a business entity registered under the laws of Delaware with a principal office address at One Beacon Street, 15th Floor, Boston, Massachusetts 02108.
6. Defendant BET Information Systems, Inc., doing business as "Survey.com," is a business entity registered under the laws of Delaware with a principal office address at One Beacon Street, 15th Floor, Boston, Massachusetts 02108.
7. Defendant WorldAPP, Inc., is a business entity registered under the laws of Delaware with a principal office address at 859 Willard Street, Suite 400, Quincy, Massachusetts 02169. Upon information and belief, WorldAPP has merged with or acquired Trax Retail.

## III. JURISDICTION

8. This court has jurisdiction over Plaintiff's claims and is a proper venue pursuant to 29 U.S.C. s. 2104, as the Defendants committed their violation in this District.
9. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. ss. 1331 and 1367.

## IV. FACTS OF THE COMPLAINT

10. On March 26, 2026, Shopkick, Inc. notified all employees via a company-wide town hall meeting that their employment would be terminated. During this meeting, CEO Gary Laben stated that all employees' last day of employment would be that same day. Within approximately 30 minutes of this announcement, employees began losing access to company systems, effectively ending their ability to perform their job duties.
11. The Plaintiffs and Shopkick's other employees worked remotely, and all reported in to the company's Boston headquarters. These employees were assigned work from the Boston office, which was their home base.
12. No written notice was provided to employees prior to March 26, 2026. Employees were informed during the March 26 town hall that their final paycheck would be issued on March 31, 2026, and that benefits would terminate on that same date. The Defendants offered no severance or payment in lieu of notice.
13. At the time of the layoff, Shopkick directly employed approximately 87 employees. Of those, approximately 70 employees were terminated on March 26, 2026. The remaining employees were retained and continued working for Defendant BET Information Systems under Survey.com.
14. This action constitutes a mass layoff or plant closing under the WARN Act, as a substantial portion of the workforce was terminated simultaneously. The Shopkick operating unit closed altogether. Entire departments, including the Revenue team, Account Strategy team, and other functional groups, were eliminated. The Defendants transferred the others to BET Information Systems.

15. Shopkick, BET Information Systems d/b/a Survey.com, and Trax Retail are all administratively based at One Beacon St., 15th Floor, Boston, MA 02108, with employees working remotely but reporting into that centralized location. These three Defendant entities operated with substantial overlap in leadership and operations, including the same Chief Executive Officer, board of directors, executive leadership team, and human resources organization. Key members of leadership who remained in place following the layoff include Marcus McCarty, Anna Lim, and Rodney Keener. Combined, these related entities employed more than 100 people as of March 26, 2026.
16. Additionally, certain employees performed work across multiple entities, and operational functions such as marketing and administration were shared.
17. Shopkick, BET Information Systems, and Trax Retail operated from the same administrative address and shared decision-making authority and infrastructure.
18. Based on these factors, the entities constitute a single employer or integrated enterprise for purposes of the WARN Act, and their combined workforce and coordinated actions should be considered in evaluating WARN applicability and compliance.
19. Shopkick was an operating unit of this enterprise.
20. In the months leading up to the termination, the company continued hiring, investing in growth initiatives, and representing to employees that it was financially stable. From approximately August 2025 through March 2026, the company hired multiple new employees, including at least six individuals within the marketing function, and continued to invest in user acquisition and program expansion.
21. These actions and representations contradict any narrative that Shopkick and its related companies were faltering or in need of an infusion of capital.

22. There was no unforeseen business circumstance that necessitated the sudden termination of the Plaintiffs and similarly-situated employees.

23. Rather, the intention was to jettison the bulk of Shopkick's workforce and consolidate operations in its affiliated companies to avoid the requirements of the WARN Act.

## V. CLASS ALLEGATIONS

24. The members of the Rule 23 class are readily ascertainable because the number and identity of the Rule 23 class members are determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(a)-(b).

25. The Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Upon information and belief, there are approximately 70 Rule 23 class members for the pertinent period of time.

26. Plaintiffs' claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be sought by each Rule 23 class member in separate actions. All the Rule 23 class members were subject to the same corporate practices of Defendants, as alleged herein: Federal WARN Act and Massachusetts Mini-WARN Act violations.

27. Plaintiffs and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' failure to provide the required notice before this mass layoff

or plant closing. Plaintiffs and the Rule 23 class members have all been injured in that they have been uncompensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' company-wide policies and practices affected all Rule 23 class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 class members. Although the amount of the individual class members' damages may vary depending on their salaries, those damages are readily ascertainable from the Defendants' financial records. As a result, common issues of liability predominate over individualized issues of damages.

28. Plaintiffs are able to fairly and adequately protect the interest of the Rule 23 class members and have no interests antagonistic to the Rule 23 class members. Plaintiffs are represented by attorneys who are experienced and competent in both employment litigation and class action litigation.

29. A class action is superior to other available methods for the fair and efficient adjudication of these claims, particularly in the context of WARN Act litigation where individual class members may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Among other things, individual adjudications would result in highly inefficient duplication of discovery, briefing of legal issues, and court proceedings. Moreover, in the absence of class action, the relatively modest amount of each class member's damages likely does not warrant separate legal action. If appropriate, the Court is empowered to fashion methods to efficiently manage this action as a class action.

30. Common questions of law and fact exist as to the Rule 23 class members that predominate over any question only affecting Plaintiffs and the Rule 23 class members individually. These questions include whether Defendants failed to provide sufficient warning of this mass layoff or plant closing; whether the Defendants are a common enterprise or single employer for WARN Act purposes.

31. Plaintiffs seek certification of a class of similarly situated employees, who worked for Shopkick, Inc., reported into Shopkick's Boston headquarters, and were terminated on or about March 26, 2026.

## VI. COUNTS OF THE COMPLAINT

### COUNT I
### WARN ACT VIOLATION
### (29 U.S.C. s. 2011 et seq.)

32. The Plaintiffs hereby restate and incorporate each paragraph of this Complaint as if fully stated herein.

33. The Plaintiffs and all others similarly-situated were at all relevant times "affected employees" under the WARN Act.

34. The Defendants were at all relevant times "employers" under the WARN Act.

35. Shopkick, BET Information Systems, and Trax Retail were a single employer under the WARN Act. These entities all shared common ownership, common management, centralized control of labor relations, interrelation of operations, de facto exercise of control, unity of personnel policies emanating from a common source, and the dependency of operations.

36. WorldAPP has acquired, merged with, or is otherwise affiliated with Trax Retail.

37. The Plaintiffs and all others similarly-situated were at all relevant times "affected employees" under the WARN Act because they suffered an "employment loss" as a result of a "plant closing" or "mass layoff."

38. The Plaintiffs worked at a single site of employment, Shopkick's Boston headquarters.

39. The permanent shutdown of the Plaintiffs' single site of employment caused at least fifty employees at the site to suffer an employment loss.

40. The Defendants failed to provide the mandatory sixty-day written notice to each affected employee.

41. As a result of the Defendants' actions, the Plaintiffs and others similarly situated have suffered damages.

**COUNT II**
**MINI-WARN ACT VIOLATION**
**(M.G.L. c. 151A s. 71A et seq.)**
**v. Corporate Defendants**

42. The Plaintiffs hereby restate and incorporate each paragraph of this Complaint as if fully stated herein.

43. The enterprise consisting of Shopkick, BET Information Systems, and Trax Retail was an "employer" under the Massachusetts Mini-WARN Act.

44. WorldAPP has acquired, merged with, or is otherwise affiliated with Trax Retail.

45. The Plaintiffs worked at a single site of employment, Shopkick's Boston headquarters.

46. The permanent shutdown of the Plaintiffs' single site of employment caused at least fifty employees at the site to suffer an employment loss.

47. The Defendants failed to provide the mandatory sixty-day written notice to each affected employee.

48. The Defendants failed to notify the Commonwealth's Executive Office of Labor and Workforce Development of this mass layoff or plant closing.

49. As a result of the Defendants' actions, the Plaintiffs and others similarly situated have suffered damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action;
2. An award of damages for all wages and other losses to which Plaintiffs and similarly situated employees are entitled;
3. Attorneys' fees, costs, and interest; and
4. Such further relief as the Court deems fair and just.

## VIII. JURY DEMAND

Plaintiffs demand a TRIAL BY JURY on all claims so triable.

Respectfully Submitted,
Natalie Strickler, Jennifer Koester, and Jordan Maus,
*individually, and on behalf of all others similarly situated*,
By Their Attorneys,

Dated: May 13, 2026

*/s/ Michael L. Mason x*
Michael L. Mason (BBO# 662244)
mmason@bennettandbelfort.com
Eric R. LeBlanc (BBO# 666786)
eleblanc@bennettandbelfort.com
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617) 577-8800